United States District Court
Southern District of Texas

**ENTERED**

October 21, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN EDWIN GREEN, | § | |
| TDCJ #1974579, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1700 |
| | § | |
| OFFICER RACHELLE BARLOW, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Bryan Edwin Green (TDCJ #1974579), has filed a complaint under 42 U.S.C. § 1983 ("Complaint"), alleging violations of his civil rights (Docket Entry No. 1). At the court's request, Green has also filed Plaintiff's More Definite Statement of his claims (Docket Entry No. 7). Because Green is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

### I.  Background

Green is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at

the Clements Unit.[1]  The defendants are two correctional officers employed by TDCJ at the Holliday Unit:  Officer Rachelle Brown and Major Robert K. Castleberry.[2]

The Complaint concerns an incident that occurred at the Holliday Unit on the morning of April 6, 2015.[3]  Green explains that he was in the infirmary for an examination of his right ankle, which he had injured while working in the Holliday Unit kitchen on April 1, 2015.[4]  Following the examination Officer Barlow ordered Green to remain in the infirmary holding cell for a headcount.[5]  Barlow began arguing with the inmates and using abusive language.[6]  During her tirade Barlow accused Green of giving her incorrect information about his housing assignment and interfering with the headcount.[7]  Barlow then shoved Green three times, once with her body and twice with her arms, pushing Green back and causing him to twist his injured ankle.[8]  When Green complained about Barlow's actions, Major Castleberry reportedly threatened him by saying "the

---

[1]Complaint, Docket Entry No. 1, p. 3.

[2]Id.

[3]Id. at 4.

[4]Plaintiff's More Definite Statement, Docket Entry No. 7, p. 2.

[5]Id. at 2-3.

[6]Id. at 3.

[7]Id. at 3-4.

[8]Complaint, Docket Entry No. 1, pp. 4, 8; Plaintiff's More Definite Statement, Docket Entry No. 7, p. 7.

next time I will make sure that we leave bigger bruises on your chest."[9]

Green contends that Barlow used excessive force and that Castleberry verbally threatened him in violation of his constitutional rights.[10]   Green seeks compensatory and punitive damages in the amount of $50,000.00 from each defendant.[11]

## II.  Discussion

### A.  Verbal Threats

It is well established that verbal threats, insults, or epithets in the prison context do not amount to a constitutional violation and are not actionable under 42 U.S.C. § 1983.   See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Robertson v. Plano City of Texas, 70 F.3d 21, 24 (5th Cir. 1995) (citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983)); Bender v. Brumley, 1 F.3d 271, 274 n.1 (5th Cir. 1993); Spicer v. Collins, 9 F. Supp. 2d 673, 683 (E.D. Tex. 1998) (citations omitted).   Accordingly, Green's claim against Major Castleberry is frivolous.

### B.  Excessive Force

Claims of excessive force in the prison setting are governed by the Eighth Amendment, which prohibits cruel and unusual

---

[9]Complaint, Docket Entry No. 1, p. 9.

[10]Id. at 9.

[11]Id. at 4.

punishment, i.e., the "unnecessary and wanton infliction of pain."
Wilson v. Seiter, 111 S. Ct. 2321, 2323 (1991) (citation and
internal quotation marks omitted). Not every malevolent touch by
a prison guard gives rise to a constitutional violation under the
Eighth Amendment. See Hudson v. McMillian, 112 S. Ct. 995, 1000
(1992) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)
("Not every push or shove, even if it may later seem unnecessary in
the peace of a judge's chambers, violates a prisoner's
constitutional rights")). In that respect, the constitution
excludes from recognition de minimis uses of physical force,
provided that the use of force is not of a sort "'repugnant to the
conscience of mankind.'" Hudson, 112 S. Ct. at 1000 (citation and
quotation omitted).

Green contends that Officer Barlow shoved him, causing him to
twist his previously injured right ankle, which resulted in
"significant pain and increased swelling" that lasted for one week
after the incident.[12] The incident described by Green does not
appear to have resulted in a more-than-de minimis injury as a
direct result of the use of force. See Siglar v. Hightower, 112
F.3d 191, 193 (5th Cir. 1997) (holding that a sore, bruised ear
lasting for three days was de minimis and not sufficient to state
a claim for excessive force). Even assuming that it did, the
physical force employed was not so repugnant as to shock the

_____

[12]Plaintiff's More Definite Statement, Docket Entry No. 7, p. 7.

-4-

conscience. A de minimis use of force, such as a push or a shove, does not implicate constitutional concerns. See Hudson, 112 S. Ct. at 1000. Under these circumstances Green fails to establish an Eighth Amendment violation. Accordingly, the court concludes that Green's claim against Officer Barlow is also frivolous.[13]

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint filed by Bryan Edwin Green (TDCJ #1974579) (Docket Entry No. 1) is **DISMISSED with prejudice** as frivolous.

2. The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West**

---

[13]Green reports that he filed a similar lawsuit against Barlow and Castleberry in state court, alleging state law claims of assault and battery stemming from the same April 6, 2015, incident. See Plaintiff's More Definite Statement, Docket Entry No. 7, pp. 10-12. That case, Walker County cause number 1527478, was dismissed as frivolous. See id. at 11. The trial court's decision has been affirmed on appeal. See Green v. Barlow, No. 10-15-00387-CV, 2016 WL 4249045 (Tex. App. — Waco Aug. 10, 2016, no pet.). To the extent that the Complaint in this case arises from the same set of events, it is arguably malicious. See 28 U.S.C. § 1915A(b).

Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on this 21st day of October, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE